UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLEO GILES,  　　　　　　　　　　　　　Case No. 03-74073

　　　　Plaintiff,　　　　　　　　　　　　Arthur J. Tarnow
　　　　　　　　　　　　　　　　　　　　United States District Judge
v.

　　　　　　　　　　　　　　　　　　　　Paul Komives
HUGH WOLFENBARGER,　　　　　　　　　　Magistrate Judge

　　　　Defendant.
_____/

### ORDER GRANTING RESPONDENT'S
### MOTION TO STAY PENDING APPEAL [DE 30]

Petitioner Cleo Giles is a state inmate currently incarcerated by the State of Michigan pursuant to a 1990 conviction for first-degree felony murder, assault with intent to rob while armed, and felony firearm. On January 24, 2006, the Court granted Petitioner's request for a writ of *habeas corpus*. The Court ordered Respondent to release Petitioner from custody or retry him within 90 days of the Court's order. Respondent has filed a motion to stay the court's order pending appeal. For the reasons that follow, Respondent's motion to stay is granted.

Federal Rule of Appellate Procedure 23(c) provides that, while a decision ordering the release of a prisoner is on appeal, "the prisoner must – unless the court or judge ordering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court orders otherwise – be released on personal recognizance, with or without surety." The Supreme Court has held that a federal court should consider the following factors in deciding whether to stay an order granting *habeas corpus* relief pending appeal:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

Giles v. Wolfenbarger
Case No. 03-74073

A federal court may also consider "[t]he State's interest in continuing custody and rehabilitation pending a final determination of the case on appeal . . . ; it will be strongest where the remaining portion of the sentence to be served is long, and weakest where there is little of the sentence remaining to be served." *Id.* at 777. Petitioner is a 35 year-old man serving a life sentence. Therefore, the remaining portion of the sentence to be served is long.

As to the remaining *Hilton* factors, the Court notes that Petitioner may be injured by continued confinement pursuant to a conviction this Court has found to be constitutionally infirm. On the other hand, it would be a waste of judicial resources for the appeal to proceed in the Sixth Circuit Court of Appeals, while simultaneously requiring the State to retry Petitioner.

Considering the factors enumerated in *Hilton*, the Court holds that a stay pending appeal is appropriate in this case.

Accordingly, **IT IS HEREBY ORDERED** that Respondent's Motion for Stay Pending Appeal is **GRANTED;**

**IT IS FURTHER ORDERED** that the Court's Opinion and Order Granting Petitioner's Request for *Habeas Corpus* Relief is **STAYED PENDING DISPOSITION OF THE APPEAL** pending in the United States Court of Appeals for the Sixth Circuit. The Court grants the stay without prejudice to Petitioner's right to request reconsideration at a later date or to file a motion for bond pending appeal.

**IT IS FURTHER ORDERED** that, unless a new trial is scheduled within **FORTY-FIVE (45) DAYS** of the disposition of the appeal, Petitioner must be unconditionally released.

s/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated: April 6, 2006

Giles v. Wolfenbarger<br>Case No. 03-74073

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 6, 2006, by electronic and/or ordinary mail.

        s/Theresa E. Taylor
        Case Manager